UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SONNY DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>ASHBA,<br>STEVENS,<br>JOBE,<br>FRANK VANIHEL,<br>WADHWAN,<br>ROBERT CARTER, JR.,<br>INDIANA DEPARTMENT OF CORRECTIONS,<br>SARAH CLARKE,<br>BONNER,<br>CENTURION,<br>M. SHEPARD,<br>WAINMAN,<br><br>Defendants. | ) | No. 2:22-cv-00172-JPH-MJD |

**ORDER DENYING MOTION TO RECONSIDER AND DIRECTING SERVERANCE OF CLAIMS**

Plaintiff Sonny Davis is currently incarcerated at Westville Correctional Facility. He filed this civil action after defendant Dr. Bonner removed him from his psychiatric medication and a variety of injuries followed at Wabash Valley Correctional Facility. Specifically, Mr. Davis alleges that he suffered severe withdrawal symptoms and suicidal idealization, he was placed in unconstitutional conditions of confinement, and he was assaulted for no reason. Because Mr. Davis is a prisoner who has sued government defendants, the Court assessed "whether joinder is proper under Rule 20 before considering the merits" of the claims as required by 28 U.S.C. § 1915A. *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022). The Order of October 21, 2022, explained that the complaint brought unrelated claims against different defendants and that the medical care claim

against Dr. Bonner could proceed, while the misjoined claims would be severed or dismissed. Mr. Davis was given the opportunity to notify the Court whether he wished to sever any claims into new actions. Dkt. 11 at p. 4; *see also Dorsey*, 55 F.4th 1094 (explaining that when joinder is improper the court may sever the case into two or more actions after allowing plaintiff to either consent to severance or opt for partial dismissal).

Mr. Davis responded by seeking reconsideration of the Court's order. He argues that the claims presented overlap, such that severance would result in duplicative actions. In particular, Mr. Davis argues that had Dr. Bonner not removed him from his psychiatric medications he would not have experienced the severe withdrawal symptoms that led other defendants to mistreat him. Dkt. 17 at p. 1. In other words, but for Dr. Bonner's treatment decision, none of the other events would have occurred. In addition, Mr. Davis states that he "signed a release agreement which prevents him from suing during the period in question except for events related to the assault[.] [A]gain Dr. Bonner's actions is what set everything in motion. Legally the plaintiff cannot sever Dr. Bonner from the assault." Dkt. 17 at p. 3. Mr. Davis explains that if his motion to reconsider is denied, he would like all claims against all defendants severed. Dkt. 17 at p. 4.

For the reasons explained below, the motion to reconsider, dkt [17], is **denied** to the extent that the plaintiff seeks to prosecute his medical care, conditions of confinement and excessive force claims against different defendants in this single action. It is **granted** to the extent that his claims shall be severed and not dismissed.

## II. Allegations

### A. Deliberate Indifference to Serious Medical Needs

Mr. Davis alleges that Dr. Bonner stopped his psychiatric medications "cold turkey" after a single tele-health appointment which led to severe withdrawal symptoms and suicidal ideation. Dkt. 101 at p. 6 (recounting April 5, 2022, appointment). These facts are sufficient to state an Eighth Amendment deliberate indifference to medical care claim and an Indiana malpractice claim. 28 U.S.C. § 1915A. These claims are proceeding in this action. Dkt. 11. Dr. Bonner has been served and has filed an answer. A pretrial scheduling order shall issue separately.

### B. Conditions of Confinement and Excessive Force

Mr. Davis claims that while on suicide watch he was assaulted with a chemical spray for no reason and subjected to unconstitutional conditions of confinement. The alleged misconduct all allegedly took place in B-East Holding Cell between April 8 -15, 2022. *See* dkt. 1-1 at 2,4, 8, 10, 12. His factual allegations are as follows.

Sarah Clarke allegedly removed Mr. Davis from suicide watch and returned him to his cell, where he was later found with a shirt tied around his neck. After Mr. Davis was returned to suicide watch, Ms. Clark was determined to make him suffer by having his clothing exchanged for a suicide smock and ordering the removal of his mattress from 7:00 a.m. every morning until 9:00 p.m. every night. In addition, Ms. Clarke allegedly took these actions to retaliate against Mr. Davis because he filed a complaint against her in 2019.

Sgt. Ashba was responsible for taking Mr. Davis's suicide blanket on at least two occasions. He allegedly assaulted Mr. Davis with the OC fogger "for absolutely no reason" on two occasions. Dkt. 1 at p. 7-8.

Captain Wadhawan authorized Sgt. Ashba's use of force on Mr. Davis on at least one occasion.

Officers Shepard, Wainman, Jobe, and Stevens allegedly failed to intervene when Mr. Davis was denied a mattress and blanket despite the cold temperatures and when he was hit with chemical spray. In addition, Officers Shepard and Wainman fabricated conduct reports to justify the use of OC spray. The conduct reports were dismissed because the video evidence contradicted them.

Centurion allegedly has a policy of 1) torturing individuals having a mental health crisis by forcing them to sleep on the floor and freeze without a mattress and blanket and 2) denying suicide watch to those that inform staff they are suicidal.

Warden Vanihel, Commissioner Carter, and the Indiana Department of Correction have a policy of permitting staff to assault inmates who pose no threat. Finally, Warden Vanihel allegedly knew that Mr. Davis's cell had bugs.

**III. Severance of Claims**

District courts are encouraged to review complaints to ensure that unrelated claims against different defendants do not proceed in a single lawsuit. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources*, Inc., 689 F.3d 680, 683 (7th Cir. 2012)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The plaintiff is not permitted to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee

requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

Federal Rules of Civil Procedure 18 and 20 guide this analysis. Federal Rule of Civil Procedure 20(a)(2), permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "[M]ere overlap between defendants is not enough." *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020).

Once Rule 20 is satisfied, "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a); *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (court must apply Rule 20 before Rule 18). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Mr. Davis's conditions of confinement and excessive force claims all arise out of his treatment over the course of six days in April 2022, while housed on suicide watch in the B-East housing unit. The claims allegedly involve common questions of law or fact and shall all proceed in a new action.

The conditions of confinement and excessive force claims, however, are separate and distinct from the medical care claims against Dr. Bonner. There are no common questions of law or fact common to Dr. Bonner and any other defendant. Whether Dr. Bonner was deliberately indifferent to Mr. Davis's serious medical needs when he discontinued his prescribed medications following a 2-minute initial telehealth appointment is unrelated to other defendants' treatment of

Mr. Davis while on suicide watch. A district court may "sever any claims that are 'discrete and separate' in the interest of judicial economy and to avoid prejudice." *Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015) (citing *Gaffney*, 451 F.3d at 442; *Rice*, 209 F.3d at 1016; *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985)). To be "discrete and separate ..., one claim must be capable of resolution despite the outcome of the other claim." *Gaffney*, 451 F.3d at 442 (internal quotation marks omitted). That is the case here.

In the interests of justice and judicial efficiency, the conditions of confinement and excessive force claims against defendants Ashba, Stevens, Jobe, Frank Vanihel, Wadhawan, Robert Carter, Jr., Indiana Department of Correction, Sarah Clarke, Centurion, M. Shepard, and Wainman will be severed into a new action. *See* Fed. R. Civ. P. 21 (authorizing severance "on just terms"); *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022) ("A district court may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met.") (citing *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (listing prejudice, expense, and delay as reasons to deny otherwise-proper joinder).

## IV. Further Proceedings

The **clerk is directed** to open a new civil action on the docket consistent with the following:

1. "Sonny Davis" shall be the plaintiff in the new action.

2. Ashba, Stevens, Jobe, Frank Vanihel, Wadhawan, Robert Carter, Jr., Indiana Department of Correction, Sarah Clarke, Centurion, M. Shepard, and Wainman, shall be the defendants.

3. The Nature of Suit shall be 555.

4. The Cause of Action shall be 42:1983pr.

5. The complaint in this action, dkt. [1], shall be filed and re-docketed as the complaint in the new action.

6. The plaintiff's request to proceed in forma pauperis, dkt. [2], shall be filed and re-docketed in the new action.

7. A copy of this Order shall be docketed in the new action.

8. This action and the new civil action shall be shown as linked actions.

The **clerk is directed** to terminate Ashba, Stevens, Jobe, Frank Vanihel, Wadhawan, Robert Carter, Jr., Indiana Department of Correction, Sarah Clarke, Centurion, M. Shepard, and Wainman as defendants in this case, 2:22-cv-172-JPH-MJD. This action shall proceed only against Dr. Bonner.

**SO ORDERED.**

Date: 1/18/2023

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SONNY DAVIS
128888
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
WESTVILLE, IN 46391
Electronic Service Participant – Court Only

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Travis W. Montgomery
Bleeke Dillon Crandall, P.C.
travis@bleekedilloncrandall.com